## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MINDEN PICTURES, INC., )<br>Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>VOX MEDIA, LLC, )<br>Defendant, )<br> ) | Civil Action No.: |

### COMPLAINT AND JURY DEMAND

The plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Vox Media, Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.     This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq.*  Plaintiff seeks compensatory and/or statutory damages, and attorneys' fees, in an amount to be established at trial.

### PARTIES

2.     Plaintiff is a California Corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3.     Upon information and belief, Defendant is a foreign limited liability company duly organized and existing under the laws of Delaware and registered with the State of New York, having a principal place of business at 85 Broad Street, New York, New York 0004-2434.

### JURISDICTION AND VENUE

4.     This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.    Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.    Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Plaintiff's Business

7.    Plaintiff is recognized as the premier provider of rights managed wildlife and nature imagery and feature stories, with a collection of copyrighted works that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions. Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to National Geographic and are represented in collections by Nature Picture Library, National Geographic, Frank Lane Picture Agency, Nature in Stock, Buiten-beeld, Biosphoto, Birdimagency, Auscape, Hedgehog House, San Diego Zoo and Amana.

8.    On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

2

9.      Among Plaintiff's many celebrated photographers are Richard Herrman, Michael

Durham, Thomas Marent, Sergey Gorshkov, Mike Parry, and Tui De Roy, the authors of a photographic

works at issue in this litigation.

10.      Richard Herman is the sole author of the image referred to herein as the "00517599

Image" and depicted here:



11.      Michael Durham is the sole author of the image referred to herein as the "00640071

Image" and depicted here:



12.      Thomas Marent is the sole author of the image referred to herein as the "00785596

Image" and depicted here:



13.     Sergey Gorshkov is the sole author of the image referred to herein as the "00782093 Image" and depicted here:



14.     Mike Parry is the sole author of the image referred to herein as the "00700324 Image" and depicted here:



15.     Tui De Roy is the sole author of the image referred to hereinafter as the "00140894 Image" and depicted here:



16.     The 00517599 Image, 00640071 Image, 00785596 Image, 00782093 Image, 00700324 Image, and 00140894 Image and hereinafter referred to as the "Copyrighted Works").

17.     The Copyrighted Works are original works of authorship.

18.     Plaintiff is and has been at all relevant times the exclusive licensee of the copyrights in and to the Copyrighted Works and thus the beneficial owner of the copyrights in and to the Copyrighted Works.

19.     Plaintiff licenses the Copyrighted Works for professional applications including editorial, advertising, corporate and non-profit use.

20.     Plaintiff has obtained registrations from the United States Copyrighted Office for the Copyrighted Works, specifically, U.S. Reg. No. 2-050-114 dated February 6, 2017 for the 00517599 Image, U.S. Reg. No. VA 1-703-097 dated January 16, 2009 for the 00640071 Image, U.S. Reg. No. 1-716-019 dated January 23, 2009 for the 00785596 Image, U.S. Reg. No. VA 1-715-889 dated January 23, 2009 for the 00782093 Image, Reg. No. VA 1-700-774 dated January 16, 2009 for the 00700324 Image, and VA 1-15-029 dated January 9, 2009 for the 00140894 Image.

**B.     Defendant's Unlawful Activities**

21.     Defendant is an online media company that publishing content at a number of

websites, including, the thrilllist.com, sbnation.com, catscratchreader.com, thedodo.com ("Defendant's Websites").

22.     Plaintiff discovered the Copyrighted Works being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization on the internet at Defendant's Websites.

23.     The 00517599 Image is being reproduced, distributed, publicly displayed, and/or used the creation of derivative works at the following URLs owned and operated by Defendant:

- https://assets3.thrillist.com/v1/image/2532132/792x456/scale;webp=auto;jpeg_qu ality=60;progressive.jpg
- https://www.thedodo.com/worlds-rarest-porpoise-may-disappear-because-another-animal-faces-exti-1318463552.html

24.     A screenshot showing Defendant's infringement of the 00517599 Image is depicted here:



25.     The 00640071 Image is being reproduced, distributed, publicly displayed, and/0r used the creation of derivative works at the following URLs owned and operated by Defendant:

- https://assets3.thrillist.com/v1/image/2560466/792x456/scale;webp=auto;jpeg_qu ality=60;progressive.jpg
- https://www.thedodo.com/study-big-brown-bats-cry-dibs--486028940.html

26. A screenshot showing Defendant's infringement of the 00640071 Image is depicted here:



27. The 00785596 Image is being reproduced, distributed, publicly displayed, and/or used the creation of derivative works at publicly display at the following URLs owned and operated by Defendant:

- https://cdn.vox-cdn.com/thumbor/gwZ6eMakQetHT9iDKIApi68kO6I=/0x19:512x360/1200x800/filters:focal(0x19:512x360)/cdn.vox-cdn.com/assets/545418/tweetoftheweek.png
- http://assets.sbnation.com/assets/1416919/paw_prints_new_medium.png
- https://cdn.vox-cdn.com/thumbor/NZTHxgRx_cDMsvLn4s5Cd5LY5ro=/0x33:1024x716/1200x800/filters:focal(0x33:1024x716)/cdn.vox-cdn.com/uploads/chorus_image/image/20452023/paw_prints_new.0.png
- http://www.catscratchreader.com/2012/9/22/3373844/panther-paw-prints-9-22-12-edition

28. A screenshot showing Defendant's infringement of the 00785596 Image is depicted here:



29.     The 00782093 Image is being reproduced, distributed, publicly displayed, and/or used the creation of derivative works at the following URLs owned and operated by Defendant:

- https://assets3.thrillist.com/v1/image/1001889/size/tmg-article_default_mobile;jpeg_quality=20.jpg
- https://www.thrillist.com/travel/nation/tikchik-lodge-visit-americas-most-isolated-resort

30.     A screenshot showing Defendant's infringement of the 00782093 Image is depicted here:



31.    The 00700324 Image is being reproduced, distributed, publicly displayed, and/or used the creation of derivative works at the following URLs owned and operated by Defendant:

- https://assets3.thrillist.com/v1/image/969155/size/tmg-article_default_mobile;jpeg_quality=20.jpg
- https://www.thrillist.com/travel/nation/things-in-australia-that-will-kill-you-animals-that-will-try-to-kill-you

32.    A screenshot showing Defendant's infringement of the 00700324 Image is depicted here:



33.    The 00140894 Image is being reproduced, distributed, publicly displayed, and/or used the creation of derivative works at the following URLs owned and operated by Defendant:

- http://i.imgur.com/FqfVQSp.jpg
- https://www.thrillist.com/travel/nation/escape-to-the-galapagos-islands-and-more-weekly-best-travel-deals-rundown-9122013

34.    A screenshot showing Defendant's infringement of the 00140894 Image is depicted here:



35.     Upon information and belief, Defendant needed copyrighted work that would improve the look of Defendants' Websites and increase viewership to grow advertising revenue and the collection of viewer data to sell to advertisers.  Defendant then searched for and located the Copyrighted Works on the Internet and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in the creation of internet pages to promote Defendant's brand, products, and services, thus unlawfully committed a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

36.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works.

37.     Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works is without Plaintiff's authorization.

38.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works is knowing and willful in that it is in reckless disregard of Plaintiff's copyrights.

10

39.     Defendant, knew or should have known it needed a license to use Plaintiff's Copyrighted Work, knew or should have known it did not have a license to use Plaintiff's Copyrighted Work, and deliberately used the Copyrighted Work without a license, willingly and knowingly committing infringement.

40.     As further evidence of the willfulness of Defendant's infringing conduct is the number of infringed works at issue in this case.  There is not just one image at issue in this litigation but six separate images.  Defendant's infringing conduct is clearly not a one-off accident but repeated pattern of infringing conduct.

41.     As further evidence of the willfulness of Defendant's infringing conduct is the fact that this is the second lawsuit Plaintiff has been forced to bring against Defendant over the unlicensed use of Plaintiff's works.

42.     As further evidence of the willfulness of Defendant's infringing conduct, in addition to Plaintiff, numerous other copyright owners have had to bring federal lawsuits against Defendant to seek the protection of their copyrights.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

43.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

44.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

45.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

46.     Upon information and belief, as a result of Plaintiff's prior publication of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to the creation of

Defendant's infringing website.

47.    By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative work, and publicly displaying the Copyrighted Works at the infringing website.

48.    Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

49.    As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover its actual damages pursuant to resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

50.    In addition, at Minden Pictures' election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

51.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work for the infringing reproduction, distribution, and public display by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c), as permitted by 17 U.S.C. § 412.

52.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505, as permitted by 17 U.S.C. § 412.

53.    Defendant's vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a

permanent injunction prohibiting infringement of Minden Pictures exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.    For such other and further relief as the Court may deem just and proper.

### **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 5, 2025

Respectfully submitted,

<u>/s/ *R. Terry Parker*</u>
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 W. 43rd Street, Suite 275
New York, New York 10036-7424
Tel : (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Minden Pictures, Inc.*